**\*\* E-filed May 18, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MONDRAGON, et al., | No. C08-05722 RMW (HRL) |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS** |
| v. | |
| JESUS FERNANDEZ, et al., | **[Re: Docket No. 40]** |
| Defendants. | |

Plaintiffs sued defendant Jesus Fernandez, the owner of Maria's Nightclub, Tony's Pool Hall, and Flamingo Nightclub, on behalf of themselves and a putative class of defendants' salaried employees for alleged violations of California and federal labor laws. Plaintiffs now move for monetary sanctions against Fernandez and his counsel for defendant's alleged failure to provide discovery. Defendants oppose the motion. Upon consideration of the motion papers and the arguments presented at the hearing, the court DENIES plaintiffs' motion.

**DISCUSSION**

The story of this motion begins in November 2009, when plaintiffs moved to compel discovery from Fernandez. (Docket No. 18.) Plaintiffs later withdrew part of their motion when Fernandez produced documents to their satisfaction. (Docket No. 37.) On March 12, 2010, this court granted the remainder of plaintiffs' motion and ordered Fernandez to produce further responses to interrogatories and requests for admissions within fourteen days (by March 26, 2010).

(Docket No. 38.) However, Fernandez failed to respond until April 12—seventeen days later than ordered—and, plaintiffs say, the production was still insufficient.

The very next day, plaintiffs filed the instant motion under Federal Rule 37(a)(5), which provides that an award of sanctions is appropriate in the event that a court grants a motion to compel. Indeed, approximately seventy-five percent of the $8,580 plaintiffs seek is for attorneys' fees spent on that earlier motion to compel. (Pedersen Decl. ¶ 14; Wang Decl. ¶¶ 6–7.) Nonetheless, in this district, any motion for sanctions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." N.D. Cal. Civ. R. 7-8(c). Plaintiffs filed their motion to compel in November 2009 but did not file a motion for sanctions at that time. Instead, they waited five months to do so—hardly "as soon as practicable."

In fact, such a lengthy delay suggests that plaintiffs *really* filed this motion because they are upset that Fernandez missed this court's deadline for further responses and because they think his amended responses are insufficient. Certainly, sanctions are available to compensate a party for its "reasonable expenses" incurred on account of a party's failure to comply with a court order on a motion to compel. Fed. R. Civ. P. 37(b)(2)(A). But plaintiffs did not move for such expenses; instead, they moved for sanctions under Rule 37(a)(5). Even if they had, the only expenses they have incurred as a result of Fernandez's delay in obeying this court's order are those for the instant motion itself. These are not the sort of "reasonable expenses" Rule 37 is meant to address. In addition, if plaintiffs wanted this court to review Fernandez's supplemental responses for sufficiency, the proper course of action would have been to file a new motion to compel—not a disjointed motion for sanctions.

To be sure, notwithstanding plaintiffs' untimely motion, the court does not condone Fernandez's counsel's actions. His failure to adhere to this court's deadline is not acceptable, and his attempts to make excuses for his delay fall flat. Simply put, had plaintiffs filed an appropriate motion—a new motion to compel and related sanctions, for example—this court would have given serious consideration to sanctioning his conduct. Fernandez's counsel would be wise to mend his cavalier attitude toward compliance with this court's orders in the future.

**CONCLUSION**

Based on the foregoing, plaintiffs' motion for sanction is DENIED.

**IT IS SO ORDERED.**

Dated: May 18, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**CX 08-05722 RMW (HRL)** N**otice will be electronically mailed to:**

| | |
|---|---|
| Adam Wang | adamqwang@gmail.com, alpedersen@gmail.com, rosilenda@gmail.com |
| Adam Lee Pedersen | alpedersen@gmail.com |
| Robert David Baker | attyatlaw@earthlink.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**