**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLORENCIA MONDRAGON,<br><br>          Plaintiff,<br>     v.<br><br>JESUS FERNANDEZ, et al.,<br><br>          Defendant. | Case No.: C 08-05722 RMW<br><br>ORDER DENYING PLAINTIFF'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW<br><br>**[Re Docket No. 100]** |

Florencia Mondragon ("plaintiff"), after conclusion of a trial by jury, moves for judgment as a matter of law under Fed. R. Civ. P. 50(b). For the reasons set forth below, the court denies the motion.

## I.   BACKGROUND

Plaintiff filed this wage and hour case on December 22, 2008, asserting claims under the Fair Labor Standards Act (FLSA) and the California Labor Code (CLC) against her former employer, Jesus Fernandez ("defendant"). The case went to trial on March 27, 2012. During the presentation of defendant's case, plaintiff's counsel engaged in the following exchange with the court:

> Mr. Wang: Well, It's Okay. Just in case—there's one issue. Do we have time to move for summary judgment after defense rests?
>
> The court: After—if you want to reserve a motion, you can reserve it. I don't want to hold the jury up, but if you want to make it and argue it later you can.

1

Case No.: C 08-05722 RMW
ORDER DENYING PLAINTIFF'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW

> Mr. Wang: Okay. Because I think defense failed to make the exemption questions.
>
> The court: They haven't finished their case yet.
>
> Mr. Wang: Yeah, I'm prepared for that, Your Honor.

*See* Dkt. No. 100 at 6.

Plaintiff did not raise her motion for "summary judgment" at any other point during the trial. The jury found that plaintiff was an exempt employee under the FLSA, but deadlocked on the question of whether she was an exempt employee under California law. Plaintiff subsequently brought this motion for judgment as matter of law under Federal Rule of Civil Procedure 50(b), asserting that there is a legally insufficient evidentiary basis for a reasonable jury to determine that she is an exempt employee under the CLC.

## II. DISCUSSION

**1. Plaintiff is Procedurally Barred From Asserting a Rule 50(b) Motion for Judgment as a Matter of Law Because She Did Not Properly Preserve the Motion**

In order to renew a motion for judgment as a matter of law after trial under Rule 50(b), a party must first challenge the sufficiency of the evidence "before the case is submitted to the jury." Fed. R. Civ. P. 50(a); *see also Humetrix v. Gemplus*, 268 F.3d 910, 923 (9th Cir. 2001). A motion under Rule 50(a) must "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a). Courts strictly construe the requirement that a Rule 50(a) motion be made at the close of evidence. *See Humetrix*, 268 F.3d at 923. This requirement "serves the important purpose of alerting the opposing party to the alleged insufficiency of the evidence at a point in the trial where the party may still cure the defect by presenting further evidence." *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1346 (9th Cir. 1985).

This case closely resembles *Humetrix*. In that case, the defendants' attorneys paused during the presentation of their own case and engaged in the following colloquy with the court:

> Mr. Devereaux: I just wanted to confirm that the Rule 50 motions the court will hear after the case has been submitted.
>
> The court: I will hear the Rule 50 motions after the case. It's been preserved.
>
> Mr. Deutsch [Counsel for Inovaction]: And renewed?

2

Case No.: C 08-05722 RMW
ORDER DENYING PLAINTIFF'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW

The court: And renewed.

*Humetrix*, 268 F.3d at 923.

Defendants then failed to move for judgment as a matter of law under Rule 50(a) at the close of evidence. On appeal, the Ninth Circuit found that the above exchange did not preserve a renewed motion for judgment as a matter of law under Rule 50(b). As the court explained, "asking if one will have the opportunity to make a motion and making a motion are two different things." *Id.* at 923.

In this case, plaintiff concedes that she did not submit a timely motion under Rule 50(a). Nevertheless, she requests the opportunity to "renew" a motion for judgment as a matter of law, claiming that her counsel's exchange with the court during the presentation of defendant's case-in-chief should be construed as a motion under Rule 50(a). However, as plaintiff's counsel clearly asked if he could move for judgment as a matter of law "once the defense rested," his question did not put defendant on notice of the alleged inadequacy in his case at a point in the trial when he could "still cure the defect by presenting further evidence." *Farley*, 786 F.2d at 1346. Nor did plaintiff's cryptic reference to "exemption questions" satisfy Rule 50(a)'s requirement to "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. Rule 50(a). Thus, under *Humetrix*, plaintiff's motion is procedurally barred.

Plaintiff's reliance on *Reeves v. Teuscher*, 881 F.2d 1495 (9th Cir. 1989) is misplaced. In *Reeves*, the Ninth Circuit expressly found that the moving parties "attempted to move for a directed verdict after all the evidence was in" but that "the court interrupted them and told them to renew their motion after the verdict." *Id.* at 1498. By contrast, in this case, the court specifically stated that if plaintiff wanted to reserve her motion, she must raise it after the defense rested, which she failed to do. Moreover, the trial court in *Reeves* invited the moving parties to "renew" their motion after the verdict, demonstrating that the judge accepted the pre-verdict motion. *Id.* Where the court takes a motion for judgment as a matter of law "under advisement" during the trial, it "maintains the motion as a continuing objection to the sufficiency of the evidence, provides notice to the opposing party of the challenge, and constitutes a judicial indication that renewal of the motion is not necessary to preserve the moving party's rights." *Farley*, 786 F.2d at 1346-47. No such

3

Case No.: C 08-05722 RMW
ORDER DENYING PLAINTIFF'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW

acknowledgment by the court occurred here. Accordingly, the court denies plaintiff's motion under Rule 50(b).

### 2. Plaintiff is Not a Nonexempt Employee as a Matter of Law

Even if the court considers plaintiff's motion on the merits, it is denied. Plaintiff asserts that based on the evidence, no reasonable jury could have found that she was an exempt employee as defined by California Labor Code Section 515 and Title 8 of the California Code of Regulations, Section 11050. To qualify for an exemption, California law requires that an employee serve in an administrative, executive or professional capacity, and perform duties commensurate with his or her position at least 50% of the time. *See* Cal. Lab. Code § 515; *Campbell v. PricewaterhouseCoopers, LLP*, 602 F. Supp. 2d 1163, 1182 (E.D. Cal. 2009). To determine if an employee is primarily engaged in exempt duties such that he or she meets the 50% threshold, the court must "inquir[e] into the *realistic* requirements of the job," considering not only how the employee actually spends his or her time, but also the employer's expectations. *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 802 (Cal. 1999) (emphasis is original). The defendant bears the burden of proving that the employee is exempt. *Campbell*, 602 F. Supp. 2d at 1171 (citing *Ramirez*, 20 Cal. 4th at 794-95).

In the instant case, plaintiff claims that the evidence produced at trial showed that she spent 30.5 hours per week engaged in managerial duties, including: hiring employees, processing employee payrolls, setting up cash registers, ordering inventory, making employee schedules, and supervising employees during their shifts. Dkt. No. 98 at 3-8. Because plaintiff contends that she worked 72 hours per week in total, this falls shy of the 36 hours per week required for her to meet the exemption under California law. According to plaintiff, she spent her remaining hours performing the non-exempt "duties of a bartender." Dkt. No. 98 at 2. However, a reasonable jury could conclude that during the times when plaintiff worked as a bartender, she simultaneously continued to operate in her managerial role. *Cf.* 29 CFR § 541.106(b) ("An assistant manager in a retail establishment may perform work such as serving customers, cooking food, stocking shelves and cleaning the establishment, but performance of such nonexempt work does not preclude the exemption if the assistant manager's primary duty is management."); *see also Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805, 814-15 (Cal. Ct. App. 2001) ("Regulatory history supports the use of

4

federal authorities as an aid to interpretation of the administrative exemption of title 8, section 11040, subdivision 1(A).").[1] This is particularly plausible given the evidence that she was often the only person working at the establishment, and therefore had to fulfill multiple duties at once. Dkt. No. 93 at 49-50, 70.

At oral argument, plaintiff encouraged the court to view her as a "straw boss" hired to perform bartending duties, despite her *designation* as a manager.[2] However, whether plaintiff was hired as a manager with occasional bartending duties or vice versa is a question of fact. Because there is sufficient evidence for a jury to find that plaintiff was hired as a manager, the court cannot accept the assertion that she was a "straw boss" as a matter of law. Thus, plaintiff has failed to show that no reasonable jury could find that she is an exempt employee under California law.

### 3. The Court Declines to Consider Whether Entry of Judgment on Plaintiff's Equitable Claim is Proper Under Rule 52

Finally, plaintiff offers the rather novel argument that under Fed. R. Civ. P. 52, the court may enter judgment on her claim for restitution *sua sponte*, despite the fact both parties consented, either expressly or impliedly, to a jury trial on both equitable and legal claims. Plaintiff contends that the court may declare post-hoc that the jury was "advisory" pursuant to Rule 39(c), which allows equitable claims to be tried to advisory juries, and that because the jury deadlocked, the court's entry of judgment in her favor would not constitute an impermissible jury "veto." While plaintiff cites appellate cases upholding somewhat similar procedures by district courts, there is no authority allowing a trial court to declare a jury "advisory" several weeks after the case has concluded. *See*

---

[1] Similarly, California Wage Orders specifically provides that "The activities constituting exempt work and nonexempt work shall be construed in the same manner as such terms are construed . . . under the Fair Labor Standards Act." 8 Cal. Code Regs. tit. 8, § 11050(1)(B)(1)(e).

[2] The term "straw boss" is used to describe a class of employees known as "working foremen," who are typically laborers or mechanics engaged in production-type duties. *See* 29 C.F.R. § 5.2(m); DLSE Enforcement Policies and Interpretations Manual, March 2006, http://www.dir.ca.gov/dlse/dlsemanual/dlse_enfcmanual.pdf. The Department of Labor suggests that the managerial duties of a "straw boss" should not be counted as exempt work for the purposes of meeting the 50% threshold. *See id.* at 51-3. While the court is highly dubious that plaintiff could fit into such a category, it will assume for the purpose of the instant motion that a bar manager could, under certain circumstances, be considered a "straw boss."

5

Case No.: C 08-05722 RMW
ORDER DENYING PLAINTIFF'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW

*Merex A.G. v. Fairchild Weston Sys.*, 29 F.3d 821, 827 (2d Cir. 1994) (district court declared jury advisory at close of plaintiff's case-in-chief); *Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 215 F.3d 182, 188 (1st Cir. 2000) (district court declared jury advisory at close of evidence but before the case was submitted to the jury).  Moreover, the cited authorities held that district courts did not *abuse their discretion* in *sua sponte* declaring a jury advisory after the presentation of evidence, but noted that "advance notice should be given, if at all possible, of a ruling disqualifying a jury … in what was considered at the outset to be a jury trial."  *Id*.  Other courts have held that advance notice is a prerequisite for invoking Rule 39(c).  *See Thompson v. Parkes*, 963 F.2d 885, 888 (6th Cir. 1992) ("The rule requires that the court's initiative in ordering a trial to an advisory jury must occur, and the parties be made aware of it, before the case is submitted."); *Bereda v. Pickering Creek Indus. Park, Inc.*, 865 F.2d 49, 53 (3d Cir. 1989) (requiring a district court to "notify both sides of a jury's advisory status no later than the time at which the jury selection has begun").  While the Ninth Circuit has not expressly addressed this issue, it found in a similar context that because of the "significant tactical differences in presenting a case to a court, as opposed to a jury[,] the parties are entitled to know at the outset of the trial whether the decision will be made by the judge or the jury." *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981).  Thus, to the extent it has discretion to do so, the court declines to declare the jury advisory at this late stage and without notifying the parties in advance.  Accordingly, the court rejects plaintiff's invitation to consider whether she is entitled to judgment under Rule 52.

### III. ORDER

For the foregoing reasons the court denies plaintiff's motion for judgment as a matter of law.

**IT IS SO ORDERED.**

Dated: July 3, 2012

_____
RONALD M. WHYTE
United States District Judge

6

Case No.: C 08-05722 RMW
ORDER DENYING PLAINTIFF'S RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW